**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ana Ramirez, | No. CV-20-00560-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial by the Social Security Administration ("SSA") under the Social Security Act ("the Act") of Plaintiff Ana Ramirez's Application for Disability Insurance benefits. Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 18, "Pl. Br."), Defendant SSA Commissioner's Answering Brief (Doc. 23, "Def. Br."), and Plaintiff's Reply (Doc. 25, "Reply").[1] The Court has reviewed the briefs and

---

[1] Defendant did not file an answering brief as required by the local rules. LRCiv 16.1(b) (stating that defendants must file an answering brief in response to the opening brief addressing each issue raised by the plaintiff). Instead, Defendant filed a document entitled "DEFENDANT'S MOTION FOR REMAND PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G); MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR REMAND." Def Br. at 1. Defendant does not explain why he did not file the required answering brief or respond to each issue raised by Plaintiff. Regardless, Defendant's oversight is inconsequential because the same remedy—remand for a new hearing—is required despite Defendant's failure to respond to all of Plaintiff's arguments. Thus, the Court treats Defendant's motion as an answering brief.

Administrative Record (Doc. 17, "R.") and now reverses the Administrative Law Judge's ("ALJ") decision (R. at 1773–91) and remands this case for further proceedings.

I. **BACKGROUND**

On December 1, 2013, Plaintiff filed an application for Disability Insurance benefits alleging disability beginning February 1, 2012. (*Id*. at 15.) Plaintiff later amended her alleged onset date to August 6, 2015. (*Id*. at 1776.) Plaintiff's claim was denied initially on July 13, 2016, and on reconsideration on November 30, 2016. (*Id*.) Plaintiff appeared before the ALJ for a hearing on her claim on May 9, 2018. (*Id*.) On June 6, 2018, the ALJ denied Plaintiff's claim (*Id*. at 25.) Plaintiff then brought a civil action challenging the ALJ's nondisability determination, and on March 26, 2019, the district court reversed the ALJ's nondisability determination and remanded Plaintiff's case for a new hearing. (*Id*. at 1877–78.) On November 20, 2019, Plaintiff appeared for her second hearing before the ALJ. (*Id*. at 1802–39.) Finally, on March 16, 2020, the ALJ again denied Plaintiff's claim. (*Id*. at 1791.)

The Court has reviewed the medical evidence and will discuss the pertinent evidence in addressing the issues raised by the parties. Upon considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: status post cervical anterior discectomy and fusion, cervical spondylosis, cervical radiculopathy, lumbar degenerative disc disease, history of ankle surgery, status post lower extremity deep venous thrombosis, status post right basilica vein thrombophlebitis, gastroesophageal reflex disease, hypertension, factor V deficiency, fibromyalgia, and anxiety and depressive disorder. (*Id*. at 1779–80.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff was not disabled from August 6, 2015 through the date of the decision. (*Id*. at 1791.) The ALJ found that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id*. at 1780.) Next, the ALJ calculated Plaintiff's residual functional capacity ("RFC"), finding Plaintiff:

> [H]ad the [RFC] to perform sedentary work . . . except [she] could frequently climb ramps and stairs, but never climb ladders, ropes and scaffolds. [She] could occasionally stoop, kneel, crouch and crawl. [She] could frequently reach. She should not be exposed to hazards such as moving machinery and unprotected heights. [She] is able to perform simple routine work tasks involving simple work related decisions and simple instructions. She is able to persist in tasks that can be learned in one to three months on the job. She should not be exposed to extreme heat/cold or concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. [She] could frequently reach.

(*Id*. at 1783.) The ALJ found Plaintiff is unable to perform her past relevant work. (*Id*. at 1789.) A vocational expert ("VE") testified at Plaintiff's second hearing that a person with Plaintiff's RFC could perform three jobs: document preparer, addresser, and telephone quotation clerk. (*Id*. at 1834–35.) The VE also testified that her testimony was consistent with the Dictionary of Occupational Titles ("DOT"). (*Id*. at 1837.) Relying on this testimony, the ALJ found that Plaintiff could perform those jobs and that they existed in significant numbers in the national economy. (*Id*. at 1790–91.)

## II. LEGAL STANDARDS

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

. . . .

To determine whether a claimant is disabled for purposes of the Act, the ALJ typically follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

### III. ANALYSIS

Plaintiff argues that substantial evidence does not support the ALJ's nondisability determination and specifies several purported errors by the ALJ in evaluating the evidence. First, Plaintiff argues that the ALJ erred by failing to identify jobs that exist in significant numbers that Plaintiff could perform given her RFC. (Pl. Br. at 12–14.) Specifically, Plaintiff argues that there is an apparent conflict between her limitation to "simple routine work tasks involving simple work related decisions and simple instructions," and the jobs the ALJ found she could perform. (*Id.*) Second, Plaintiff argues that the ALJ erred by rejecting opinions from her treating physician, Dr. Rajal Mehta, and her treating nurse practitioner, Faith Carroll. (*Id.* 15–21.) Third, Plaintiff argues the ALJ erred by rejecting her symptom testimony. (*Id.* at 21–23.) Accordingly, Plaintiff argues that "this Court must remand for computation of benefits." (*Id.* at 23–25.)

In his answering brief, Defendant does not address Plaintiff's argument regarding the rejected medical opinions or her symptom testimony. Instead, "Defendant agrees with Plaintiff that the ALJ's step five finding that Plaintiff could perform a significant number of jobs is deficient." (Def. Br. at 2.) Accordingly, Defendant argues that remand is necessary, but for a new hearing, and not for computation and payment of benefits. (*Id.* at 2–3.) Because Defendant did not address Plaintiff's arguments regarding the rejected medical opinions and symptom testimony, the Court finds that Defendant concedes via waiver that the ALJ erred in evaluating that evidence. *See* LRCiv 16.1(a)(4) (requiring that plaintiff's opening brief support each stated contention with arguments, statutes, cases, and regulations relied upon); *see also* LRCIV 16.1(b) (requiring the same from defendant's answering brief). Thus, both parties agree that this case should be remanded but disagree on whether it should be remanded for a new hearing. Most significantly, both parties acknowledge that the ALJ erred in concluding that Plaintiff could perform jobs that existed in significant numbers in the national economy. (Pl. Br. at 12–15; Def. Br. at 2.) The ALJ's error at step five is clear per the Ninth Circuit's holding in *Zavalin v. Colvin*, 778 F.3d 842, 846–47 (9th Cir. 2015). In that case, the Ninth Circuit held that there is an apparent conflict between the functional abilities of claimants limited to simple, routine, or repetitive tasks and the demands of jobs requiring Level 3 Reasoning, as determined in the DOT. *Id.* These reasoning levels refer to the reasoning abilities required of workers in representative jobs contained in the DOT.[2] Dictionary of Occupational Titles, Fourth Edition, Revised, APPENDIX C - COMPONENTS OF THE DEFINITION TRAILER, (1991) WL 688702. Where an apparent conflict occurs, the ALJ errs if she fails to reconcile the conflict by asking a vocational expert whether a claimant limited to simple, routine, or repetitive tasks can nonetheless meet the demands of jobs requiring Level 3 Reasoning. *Zavalin*, 778 F.3d at 847 ("In sum, because the ALJ failed to recognize an inconsistency,

---

[2] Level 3 Reasoning requires a worker to: "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." Dictionary of Occupational Titles, Fourth Edition, Revised, APPENDIX C - COMPONENTS OF THE DEFINITION TRAILER, (1991) WL 688702.

she did not ask the expert to explain why a person with [the claimant's] limitation could nevertheless meet the demands of Level 3 Reasoning. We conclude that the ALJ erred in failing to reconcile this apparent conflict.").

The parties rightly identify that an apparent conflict exists in this case. The ALJ limited Plaintiff to "simple routine work tasks involving simple work related decision and simple instructions." (R. at 1783.) Yet the ALJ did not recognize the apparent conflict between Plaintiff's reasoning limitations and the reasoning requirements of the positions she found Plaintiff could perform. Both the telephone clerk position (DOT 237.367–046) and the document preparer position (DOT 249.587–018) require Level 3 Reasoning. Thus, per *Zavalin*, an apparent conflict exists between Plaintiff's RFC and her ability to perform the telephone clerk and document preparer positions. *Zavalin*, 778 F.3d at 846–47. The VE explained that her testimony was consistent with the DOT, however, the ALJ's questioning of the VE did not specifically reconcile whether Plaintiff's RFC is consistent with her ability to perform the telephone clerk and document preparer jobs, which was required given the apparent conflict between Plaintiff's abilities and the jobs' requirements. (R. at 1837.)

Plaintiff cites *Rounds v. Comm'r Soc. Sec. Admin.*, 807, F.3d 996, 1003–04 (9th Cir. 2015), as the source of the apparent conflict in this case, however *Zavalin* is more apt. (Pl. Br. at 13.) In *Rounds*, the Ninth Circuit held there is an apparent conflict between a claimant's limitation to one- and two-step tasks and jobs requiring Level 2 Reasoning. *Id*. But Plaintiff was not limited to one- and two-step tasks, so there is no apparent conflict between her ability to perform the addresser job (DOT 209.587–010), which requires only Level 2 Reasoning.

The parties also rightly acknowledge that the ALJ's failure to recognize the apparent conflict was not harmless error. (Def. Br. at 7; Pl. Br. at 13.) As Defendant emphasizes, if Plaintiff cannot perform the telephone clerk and document preparer jobs, then, given her RFC, it is unlikely that there are sufficient jobs that she can perform to warrant a nondisability determination. (Def. Br. at 7.) Similarly, Plaintiff argues that the

other job the ALJ found she can perform—addresser—has only 6,000 total jobs and likely cannot support a nondisability finding on its own. (Pl. Br. at 14.) Thus, whether there are significant jobs in the national economy that Plaintiff can perform, and consequently, whether she is disabled, likely turns on whether she can perform the telephone clerk and document preparer jobs. Ultimately, since the parties agree that the ALJ committed at least one significant error, and since Defendant concedes Plaintiff's arguments that the ALJ erred in considering certain medical opinions and symptom testimony, the Court must determine the appropriate remedy.

Plaintiff requests that the Court apply the credit-as-true rule and remand the case for computation and award of benefit; a request Defendant opposes. (Pl. Br. at 23–25; Def. Br. at 8–10.) The credit-as-true rule applies if each part of a three-part test is satisfied. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). First, the record must have been fully developed and further administrative proceedings would serve no useful purpose. *Id*. Next, the ALJ must have failed to provide sufficient reasons for rejecting the claimant's testimony or medical opinions. *Id*. Finally, if the improperly discredited evidence were credited as true, then the ALJ would be required to find the claimant disabled. *Id*. Even if all elements of the credit-as-true rule are met, the Court maintains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.*

The Court concludes further proceedings would serve a useful purpose and that the appropriate remedy is to remand Plaintiff's case for further proceedings. The parties agree the ALJ erred at step five of her analysis. And Defendant concedes through waiver that the ALJ erred by rejecting Plaintiff's symptom testimony and the opinions of Dr. Mehta and nurse practitioner Carroll. Rehearing would be helpful because additional limitations to Plaintiff's RFC might stem from these providers' opinions. Additional limitations in Plaintiff's RFC may warrant a finding of disability. Further, even if Plaintiff's RFC is not more limited upon rehearing, ambiguity remains regarding Plaintiff's ability to perform the jobs identified by the ALJ. If she cannot perform the telephone clerk and document

preparer jobs, but can perform the addresser job, then the ALJ still must determine whether there are a significant number of jobs in the national economy that she can perform. Ultimately, further proceedings would be useful to resolve the remaining ambiguities in this case. Accordingly, the Court remands this case for further proceedings.

## IV. CONCLUSION

Substantial evidence does not support the ALJ's nondisability determination. The ALJ erred by failing to resolve the apparent conflict between Plaintiff's RFC and the jobs the ALJ found she can perform. The ALJ also erred by failing to appropriately evaluate the medical opinions of Plaintiff's treating providers and Plaintiff's symptom testimony. Accordingly, the appropriate remedy is to remand Plaintiff's case for a new hearing to determine whether she is more limited than previously found, and whether jobs exist in the national economy that she can perform.

**IT IS THEREFORE ORDERED** reversing the March 16, 2020 decision of the Administrative Law Judge (R. at 1773–91).

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 28th day of June, 2021.

Honorable Diane J. Humetewa
United States District Judge